UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIPING ZHAO,<br><br>          Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Warden of Otay Mesa Detention Center,<br><br>          Respondent. | Case No.: 26-cv-1285-JES-DDL<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[ECF No. 1]** |

Before the Court is Petitioner Liping Zhao's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"), filed on February 27, 2026. ECF No. 1 ("Pet."). Pursuant to the Court's order to show cause, Respondents filed a return to the petition. ECF No. 4 ("Return"). For the reasons set forth below, the Court **GRANTS** the petition.

## I. BACKGROUND

Petitioner, a citizen of China, entered the United States on March 9, 2023, fleeing political persecution in her native country. Pet. ¶¶ 1, 3. She was initially detained, then released from custody pursuant to an Order of Release on Recognizance. *Id.* ¶ 2. She has since filed an asylum application, and has complied with all conditions of her release. *Id.*

¶¶ 2, 3. She has since worked with her husband, also a native of China seeking asylum in the U.S., in his construction business. *Id.* ¶¶ 4, 10.

On July 26, 2025, Petitioner was re-detained by Respondent. *Id.* ¶ 7. Petitioner asserts that she was not provided proper notice regarding the revocation of her release, and that the revocation of her release was not based upon her personal circumstances or individualized facts. *Id.* ¶ 16.

On December 5, 2025, an immigration judge denied Petitioner's claims for asylum, withholding, and relief under the Convention against torture. *Id.* ¶ 7. Petitioner timely appealed that decision on December 24, 2025, but a briefing schedule regarding that appeal has not yet been set. *Id.* ¶ 8. She is currently being held at the Otay Mesa Detention Center. *Id.* ¶ 9.

## II.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III.   DISCUSSION

In her petition, Petitioner argues that she was subjected to re-detention without notice or individualized findings regarding the revocation of her release and that her detention violates the Due Process Clause of the Fifth Amendment under principles of

procedural due process. Pet. ¶¶ 6, 16, 19. In their return, Respondent only states that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b), but acknowledges that the weight of precedent in this district and before this Court holds otherwise. *See generally*, Return. The Court finds that Petitioner is not subject to mandatory detention under § 1225(b) because she was previously released into the country on her own recognizance. *See* Return at 3; *Martinez Lopez v. LaRose*, No. 25-cv2717-JES-AHG, 2025 WL 3030457 (S.D. Cal. Oct. 30, 2025) (explaining that § 1226(a) governs the process by which noncitizens located within the country are arrested and detained pending removal). The Court also agrees that Petitioner's Due Process rights were violated, finding that Respondents improperly revoked her release without providing notice and opportunity to be heard.

"The Due Process Clause of the Fifth Amendment prohibits the Government from depriving individuals of their life, liberty, or property, without due process of law." *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all persons within the United States, including aliens, whether their presence is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 679. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Id.* at 690. A person at risk of suffering a serious loss being given notice and an opportunity to be heard, in a meaningful manner and at a meaningful time, is the essence of procedural due process. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Courts have identified various ways that a petitioner may be granted some form of parole. The choice is "discretionary and is made on a case-by-case basis." *J.S.H.M v. Wofford*, No. 1:25-CV-01309 JLT SKO, 2025 WL 2938808, at *6 (E.D. Cal. Oct. 16, 2025). Parole can be made for humanitarian reasons or for it providing a significant public benefit under 8 U.S.C. § 1182(d)(5)(A), or it can be for conditional parole under 8 U.S.C. § 1226(a). *Id.* Courts have recognized that typically, the term "released on their own recognizance" refers to conditional parole. *Id.*; *see also Ortega-Cervantes v. Gonzales*, 501

F.3d 1111, 1115 (9th Cir. 2007) ("It is apparent that the INS used the phrase 'released on recognizance' as another name for 'conditional parole' under § 1226(a)"); *Castellon*, 2025 WL 2373425, at *4; *Faizyan v. Casey*, No. 3:25-CV-0884-RBM-JLB, 2025 WL 3208844, at *1 n.2 (S.D. Cal. Nov. 17, 2025).

While courts have recognized these as distinct procedures, they have consistently applied the same procedural due process analysis to petitioners under these forms of parole. In the context of 8 U.S.C. § 1182(d)(5)(A), courts have held that such parole status entitles the petitioner to certain due process rights under both procedural due process and the Administrative Procedure Act ("APA"). *See Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1146 (D. Or. 2025) (finding violation under APA); *Mata Velasquez v. Kurzdorfer*, 794 F. Supp. 3d 128, 154 (W.D.N.Y. 2025) (finding violation under procedural due process). Similarly, for conditional release under § 1226(a), the court in *Pinchi* explained similar procedural due process rights:

> [Petitioner's] release from ICE custody after her initial apprehension reflected a determination by the government that she was neither a flight risk nor a danger to the community, and [Petitioner] has a strong interest in remaining at liberty unless she no longer meets those criteria. The regulations authorizing ICE to release a noncitizen from custody require that the noncitizen "demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons" and that the noncitizen is "likely to appear for any future proceeding." 8 C.F.R. § 1236.1(c)(8). "Release [therefore] reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017), *aff'd sub nom. Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018). [Petitioner] was apprehended by ICE officers when she crossed the border into the United States . . . ICE then released her on her own recognizance. As ICE was not authorized to release [Petitioner] if she was a danger to the community or a flight risk, the Court must infer from [the] release that ICE determined she was neither. [Petitioner's] release from ICE custody constituted an "implied promise" that her liberty would not be revoked unless she "failed to live up to the conditions of her release." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). The regulatory framework makes clear that those conditions were that she remain neither a danger to the community nor a flight risk. . . . Accordingly,

[Petitioner's] private interest in retaining her liberty is significant. *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1034-35 (N.D. Cal. 2025). Several district courts have followed suit and found due process violations where the petitioners in the cases were specifically identified to be released under Order of Release on Recognizance with an accompanying I-220 form. *See C.A.R.V. v. Wofford*, No. 1:25-CV-01395 JLT SKO, 2025 WL 3059549, at *9 (E.D. Cal. Nov. 3, 2025) (finding due process violation where petitioner was originally released on OREC); *Leiva Flores*, 2025 WL 3228306, at *5 (similarly finding procedural due process violation for petitioner released on OREC and requiring hearing before detention); *Faizyan*, 2025 WL 3208844, at *7 (same).

The Court agrees with all the foregoing courts and similarly holds that Respondents created a liberty interest in Petitioner when they issued her Release on Recognizance. *See* Pet. ¶ 41. As this Court explained in *Sanchez v. LaRose*, due process requires not only notice and opportunity to be heard regarding the revocation of such an interest, but also that the notice and opportunity be meaningful. No. 25-CV-2396-JES-MMP, 2025 WL 2770629 at *3 (S.D. Cal. Sept. 26, 2025). Here, Petitioner argues that she was subjected to re-detention without notice or individualized findings regarding the revocation of her release. *Id.* ¶¶ 6, 16, 19. In their briefing, Respondents provide no evidence that Petitioner was afforded any notice or opportunity to be heard regarding the revocation of said parole. *See generally* ECF No. 4. Further, without changed circumstances or another factor justifying re-detention, any notice and opportunity to be heard that did occur could not have been meaningful. *See Rios v. Noem*, No. 25-CV-2866-JES-VET, 2025 WL 3141207, at *2 (S.D. Cal. Nov. 10, 2025) ("An alien's opportunity to be heard regarding a change in his status is only meaningful if the government comports with its own internal standards regarding parole revocation. DHS has the authority to revoke an alien's supervised release 'at any time' on a discretionary, but not unlimited, basis."). Accordingly, the Court finds that Respondents violated Petitioner's due process rights when they re-detained her on July 29, 2025.

## IV.  CONCLUSION

For the reasons discussed above, the Court **GRANTS** Petitioner's writ of habeas corpus. Because the Court grants the petition on the Due Process ground and concludes that Respondents' revocation of Petitioner's parole violates procedural due process, Respondents are **ORDERED** to **immediately** release Petitioner from custody, subject to any conditions of his preexisting release that existed at the time he was re-detained. The Parties are **ORDERED** to file a Joint Status Report by **March 6, 2026**, confirming that Petitioner has been released.

The Clerk of Court is **ORDERED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: March 5, 2026

Honorable James E. Simmons Jr.
United States District Judge